538 So.2d 454 (1989)
Ken AULT, Defendant-Appellant,
v.
Roy LOHR, et al., Plaintiffs-Appellees.
No. 71817.
Supreme Court of Florida.
February 2, 1989.
Keith C. Tischler of Parker, Skelding, McVoy & Labasky, Tallahassee, for defendant-appellant.
Salvatore Scibetta and Evan I. Fetterman of the Law Offices of Fetterman and Associates, North Palm Beach, for plaintiffs-appellees.
OVERTON, Justice.
This case is before us on the following question certified by the United States Court of Appeals for the Eleventh Circuit in Lohr v. Florida Department of Corrections, 835 F.2d 1402 (11th Cir.1988):
In Florida, must a compensatory damages award underlie a punitive damages award in a case in which the jury has *455 made express findings against a defendant?
Id. at 1403.[1] We answer the question in the negative, concluding that a jury finding of liability is the equivalent of finding nominal damages and, consequently, the jury may assess punitive damages.
The Eleventh Circuit Court of Appeals set forth the relevant facts as follows:
In March, 1984, appellees Roy Lohr and Larry Randolph, inmates at Martin Vocational Center in Martin County, Florida, attempted to escape from the Vocational Center. Due to mitigating circumstances unrelated to this case, both plaintiffs were acquitted of the crime of escape before a Circuit Court of Martin County.
Lohr and Randolph were recaptured by defendant Ken Ault, an officer with the Martin County Sheriffs office, and his canine, Bear.
Lohr and Randolph maintain that Ault handcuffed them, forced them to lie on the ground, and ordered Bear to bite and scratch them. Lohr and Randolph sued Ault, asserting a state claim of assault and battery and a federal claim of a violation of their constitutional rights. In answering special verdict questions posed by the judge, the jury specifically found that Ault had committed an assault and battery on Lohr, but that Ault had not violated Lohr's civil rights. The jury awarded Lohr $0 in compensatory damages, but $5,000 in punitive damages. The jury determined that Ault had both assaulted and battered Randolph and violated his civil rights. Accordingly, the jury awarded Randolph $10,000 in compensatory damages and $30,000 in punitive damages.
Id. at 1403.
In considering the limitations in assessing punitive damages, Florida's district courts of appeal clearly disagree in their interpretations of McLain v. Pensacola Coach Corp., 152 Fla. 876, 13 So.2d 221 (1943), and Lassiter v. International Union of Operating Engineers, 349 So.2d 622 (Fla. 1976). In McLain, we quoted with approval 4 Am.Jur. 219, which stated:
"The general rule that exemplary or punitive damages are not recoverable in an action of tort unless actual damages are shown finds application in cases of assault and battery."
McLain, 152 Fla. at 878, 13 So.2d at 222. In Lassiter, we considered the question of whether punitive damages had to be proportionally related to actual damages. In holding that no relationship was required, we commented in dicta:
Nominal damages are awarded to vindicate an invasion of one's legal rights where, although no physical or financial injury has been inflicted, the underlying cause of action has been proved to the satisfaction of a jury. Accordingly, the establishment of liability for a breach of duty will support an otherwise valid punitive damage award even in the absence of financial loss for which compensatory damages would be appropriate.

Lassiter, 349 So.2d at 625-26 (emphasis added, citations omitted). Nowhere in Lassiter did we expressly overrule McLain.
On the one hand, some district courts have strictly followed the requirement of actual or compensatory damages as expressed in McLain. In Sonson v. Nelson, 357 So.2d 747 (Fla. 3d DCA), cert. denied, 364 So.2d 889 (Fla.), cert. denied, 364 So.2d 891 (Fla. 1978), the jury found liability and awarded punitive damages to the plaintiffs although no compensatory damages were awarded. The trial court held that the verdicts were defective and granted a new trial. The district court affirmed and held that Lassiter does not allow an award of punitive damages without an award of nominal or compensatory damages. The district court concluded that the trial court properly granted a new trial since the issue of nominal damages had not been submitted to the jury. In Raffa v. Dania Bank, 372 So.2d 1173 (Fla. 4th DCA 1979), the jury found for the plaintiff in a conversion action, assessed no compensatory damages, but awarded $25,000 in punitive damages. The Fourth District, citing Sonson, stated: "The law is well settled that punitive *456 damages require an underlying award of compensatory damages. A verdict which finds no compensatory damages whatsoever and punitive damages of $25,000 is within this prohibition." 372 So.2d at 1174 (citations omitted). Further, in Buonopane v. Fritz, 477 So.2d 1030 (Fla. 4th DCA 1985), the jury rendered a verdict in favor of the plaintiff, assessed no compensatory damages, yet awarded the plaintiff $3,000 in punitive damages. The Fourth District set aside the verdict, stating: "The law in Florida is clear that one cannot recover for punitive damages if no compensatory damages are awarded." Id. See also American Motorcycle Institute, Inc. v. Mitchell, 380 So.2d 452 (Fla. 5th DCA 1980); Hauser Motor Co. v. Byrd, 377 So.2d 773 (Fla. 4th DCA 1979).
On the other hand, the First District, in Eglin Federal Credit Union v. Curfman, 386 So.2d 860 (Fla. 1st DCA 1980), held that the jury's failure to assess nominal damages did not preclude an award of punitive damages since the jury specifically found that the defendant had converted the plaintiff's property. Further, the Second District, in Nales v. State Farm Mutual Automobile Insurance Co., 398 So.2d 455 (Fla. 2d DCA), review denied, 408 So.2d 1092 (Fla. 1981), held that punitive damages may be awarded upon a finding of liability even though the plaintiff could not recover compensatory damages due to his failure to meet the statutory threshold under Florida's no-fault law.[2]
The narrow question for resolution by this Court is whether a plaintiff can recover punitive damages where the factfinder has found a breach of duty but no compensatory or actual damages have been proven. The law in this state is in conflict as illustrated by the above decisions.
We find our decision in McLain does not control. A careful reading of McLain reflects that the jury expressly found that no right of action or breach of duty existed; consequently, as this Court stated in that opinion, no actual or punitive damages could be awarded. Although we recognize that our opinion in McLain could very reasonably be interpreted to require a finding of actual damages as expressed by the district courts in Sonson, Raffa, Buonopane, American Motorcycle Institute, and Hauser, we find that we should adopt the principles set forth in our dicta in Lassiter. We believe an express finding of a breach of duty should be the critical factor in an award of punitive damages. Accordingly, we hold that a finding of liability alone will support an award of punitive damages "even in the absence of financial loss for which compensatory damages would be appropriate." 349 So.2d at 626. We reject Ault's contention that at least nominal damages must first be awarded before punitive damages are proper. We conclude that nominal damages are in effect zero damages and are defined as those damages flowing from the establishment of an invasion of a legal right where actual or compensatory damages have not been proven.[3] In approving an award of punitive damages upon an express finding of liability by the factfinder, we accept the view that nominal damages will be presumed from an encroachment upon an established right. See Spiegel v. Evergreen Cemetery Co., 117 N.J.L. 90, 186 A. 585 (N.J. 1936).
For the reasons expressed, we answer the certified question in the negative, disapprove Buonopane v. Fritz, 477 So.2d 1030 (Fla. 4th DCA 1985); American Motorcycle Institute, Inc. v. Mitchell, 380 So.2d 452 (Fla. 5th DCA 1980); Hauser Motor Co. v. Byrd, 377 So.2d 773 (Fla. 4th DCA 1979); Raffa v. Dania Bank, 372 So.2d 1173 (Fla. 4th DCA 1979); and Sonson v. Nelson, 357 So.2d 747 (Fla. 3d DCA 1978), to the extent they conflict with our holding, and remand this cause to the United States Court of Appeals for the Eleventh Circuit for disposition.
It is so ordered.
*457 McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, C.J., concurs specially with an opinion, in which McDONALD, J., concurs.
EHRLICH, Chief Justice, concurring specially.
The crucial element in determining whether punitive damages may be awarded absent an award of compensatory damages is proof of the underlying cause of action. Where actual damage is an essential element of the underlying cause of action, an award of compensatory damages must be a prerequisite to an award of punitive damages. This case involved the torts of assault and battery, which do not require proof of actual damage. Therefore, I agree that in this case, where the jury made an express finding of liability, punitive damages could properly be awarded even absent an award of compensatory damages.
McDONALD, J., concurs.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(6), Fla. Const.
[2] §§ 627.730-.741, Fla. Stat. (1979).
[3] See Magnett v. Pelletier, 488 F.2d 33 (1st Cir.1973); McClellan v. Highland Sales & Inv. Co., 484 S.W.2d 239 (Mo. 1972); Shearing v. City of Rochester, 51 Misc.2d 436, 273 N.Y.S.2d 464 (Sup.Ct. 1966); Trevino v. Southwestern Bell Tel. Co., 582 S.W.2d 582 (Tex.Civ.App. 1979); Gould v. Mountain States Tel. & Tel. Co., 6 Utah 2d 187, 309 P.2d 802 (1957); Steele v. Organon, Inc., 43 Wash. App. 230, 716 P.2d 920 (Ct.App. 1986); 22 Am.Jur.2d Damages § 8 (1988); Black's Law Dictionary 353 (5th ed. 1979).